UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARKEMA INC.,

    Plaintiff,

v.                                               CASE NO.  8:17-cv-57-T-26AEP

BULK RESOURCES, INC.,

    Defendant.
                                           /

**O R D E R**

Before the Court is Bulk Resources, Inc.'s Motion to Transfer (Dkt. 15), Arkema Inc.'s Response in Opposition (Dkt. 17), and Bulk Resources, Inc.'s Reply (Dkt. 20). After careful consideration of the arguments, the applicable law, and the entire file, the Court concludes the motion should be denied.

**BACKGROUND**

This contract action was filed in response to two actions pending in the Eastern District of Louisiana: a state court survival and wrongful death action brought by the estate and survivors of Mr. Stack, and a federal diversity action for personal injury brought by Mr. Duckworth and Mr. Hernandez.[1]  The three plaintiffs were employees of

---

[1] The state court claim has been removed to the United States District Court for the Eastern District of Louisiana.  See docket 15, p. 2, n. 2 (motion to transfer).

Dedicated TCS, LLC (Dedicated), an affiliate of Defendant Bulk Resources, Inc. (Bulk Resources).  Bulk Resources and Plaintiff Arkema Inc. (Arkema), a company that makes products such as liquid latex and waterborne acrylic resin, are parties to an agreement whereby Bulk Resources "transloads" materials to and from railcars and tank trucks designated by Arkema at a location in New Orleans owned by Bulk Resources.[2]  Bulk Resources seeks to transfer this action for specific enforcement and breach of the transloading agreement to the Eastern District of Louisiana.

## THE LOUISIANA ACTIONS

On October 8, 2015, three employees of Dedicated[3] were cleaning a tank car at a facility owned by Bulk Resources at the Port of New Orleans.[4]  The tank car allegedly contained hazardous and toxic chemical vapors from liquid latex and perhaps other products.[5]  Overcome by the lack of oxygen in the confined space of the tank with no

---

[2]  Arkema has its principal place of business in Pennsylvania and does business in Louisiana.

[3]  Dedicated, an Illinois company, has its principal place of business in Illinois and does business in Louisiana.

[4]  See docket 1, para. 15 (Hernandez and Duckworth were cleaning tank car at Port of New Orleans) and para. 21 (Stack was cleaning tank car at Port of New Orleans).

[5]  See docket 1, para. 7; docket 1-3, para. V; and docket 1-4, para. 6.

ventilation, all three lost consciousness.[6] One later died that same day, and the surviving two suffered personal injuries.[7] All three were residents of Louisiana.

On April 5, 2016, the U.S. Department of Labor, Occupational Safety and Health Administration (OSHA) issued a Citation and Notification of Penalty to Dedicated.[8] Some of the violations included Dedicated's failure to provide respiratory protective equipment to its employees, allowing employees to enter railcars that had not been evaluated for a safe atmosphere, and failure to ensure that the prospective rescue service was able to timely and adequately respond.[9] Although the Louisiana actions allege that the tank car had carried hazardous and toxic chemical vapors, the citation notes that the tank car had transported an Arkema-produced waterborne acrylic resin, which was a

---

[6] See docket 1, para. 24 (Stack lost consciousness after exposure to hazardous vapors in the tank and lack of oxygen) and para. 17 (Hernandez and Duckworth lost consciousness after exposure to hazardous vapors in the tank and lack of oxygen).

[7] See docket 1, para. 25 (Stack's death was caused by asphyxia from an oxygen deficient environment) and para. 19 (Hernandez and Duckworth were personally injured as a result of the incident). Mr. Duckworth sustained injuries to his heart, lungs, back, shoulder, and head, and Mr. Hernandez sustained injuries to his heart, lungs, and head. See docket 1-3, paras. X and XI. According to allegations in the claims, Mr. Duckworth and Mr. Hernandez may also be at risk for developing cancer in the future as a result of exposure to the toxic fumes.

[8] See docket 1, paras. 11 and 12, and docket 1-2.

[9] See docket 1, para. 12, and docket 1-2.

nonhazardous polymer.[10]  In any event, OSHA found that the incident was caused by the intentional acts of Dedicated.

The lawsuits list the various acts that, according to OSHA, caused the incident. The employees sued Dedicated, Bulk Resources/Louisiana, LLC (Bulk Louisiana), Arkema, and several insurance companies.  Bulk Louisiana is a different entity from the Defendant Bulk Resources.  Arkema was named as a party defendant as a precaution in the event the intentional conduct of Dedicated was not the sole cause of the incident, but Arkema's negligence was the cause.[11]   The complaints allege that if Dedicated and Bulk Louisiana were not the sole cause of the incident, then Arkema was negligent for, among other things, failing to properly label the tank car as carrying hazardous substances and failing to warn Dedicated or Bulk Louisiana of the hazardous contents before assigning the tank car for cleaning.[12]  In one of the actions, Arkema cross-claimed against Dedicated for breach of the transloading agreement, but did not file a third-party claim against Bulk Resources.

---

[10]   See docket 1-5.

[11]  One lawsuit alleges that "in the event that it is determined that the intentional conduct of Dedicated was not the sole cause of the incident, then it is alleged that the incident was caused by the negligence" of Arkema.  See docket 1-3, para. IX.  The lawsuit that was initially filed in state court in Louisiana alleges that "in the event that it is determined that the intentional conduct of Dedicated and/or Bulk Resources[/Louisiana,LLC] and the negligent conduct of Bulk Resources[/Louisiana, LLC] were not the sole cause of the incident, then it is alleged that the incident was caused by the negligence" of Arkema.  See docket 1-4, para. 15.

[12]   See docket 1-4, para. 15 and docket 1-3, para. IX.

## THIS ACTION

After Arkema was sued in Louisiana concerning the October 2015 incident, Arkema demanded from Bulk Resources performance of the transloading agreement as well as gave notice of its breaches.[13] On May 6, 2016, Arkema demanded by letter that Bulk Resources and Dedicated indemnify and hold Arkema harmless pursuant to paragraph 9.2 of the agreement.[14] On May 10, 2016, Arkema demanded that Bulk Resources and Dedicated tender notice of the claim to their insurer for a defense and indemnification of Arkema in accordance with Schedule 5 of the agreement that required Arkema to be named an additional insured.[15] Both of the demand letters were sent to

---

[13]   See docket 1-1 (Transloading Agreement).

[14]   See docket 1-6 (demand letter).  Paragraph 9.2 provides in full:
   Transloader [Bulk Resources] agrees to defend, indemnify, and hold harmless ARKEMA, its officers, employees, agents, and subcontractors ("Arkema Indemnified Parties") from and against all Claims incurred by or which may be brought or asserted against an ARKEMA Indemnified Party for subcontractors for any injury (including death) or property damage arising out of Transloader or it officers, employees, agents, or subcontractor's performance or failure to perform this AGREEMENT, except to the extent that any such Claim arises from a negligent act or omission of ARKEMA its officer, employees or agents, including without limitation any loss, damage or contamination to the Material [in excess of allowed loss limits].

[15]   See docket 1-7 (demand letter).  Paragraph 10.1 makes Schedule 5, titled "Insurance Requirements," part of the agreement and provides in pertinent part:
   Any policy providing coverage described in Paragraphs 2, 3, 4, 5 and 6 above shall be endorsed to name ARKEMA, its parents, subsidiaries, affiliates, directors, officers and

Bulk Resources' Plant City, Florida, address as required under paragraph 11.2 of the agreement.[16]

By email on November 17, 2016, counsel for Bulk Resources and Dedicated refused to acknowledge the demands made.[17] On December 5, 2016, counsel for Arkema wrote Dedicated and Bulk Resources and set forth a minimum of three breaches of the agreement: (1) failure to defend Arkema in the Louisiana lawsuits in violation of paragraph 9.2; (2) failure to procure insurance to protect Arkema in violation of paragraph 10; and (3) failure to obtain Arkema's written permission for Bulk Resources to assign and delegate duties to Dedicated in violation of paragraph 11.6.[18] On December

---

employees as additional insureds thereunder, and shall be primary insurance and not duplicate, concurrent or excess with respect to other insurance carried by ARKEMA, and shall include a waiver of subrogation against ARKEMA, its parents, subsidiaries, directors, and officers and employees.

[16] See docket 1-1. Paragraph 11.2 provides in pertinent part
Any notice to either party to this Agreement by the other shall be deemed to have been properly given if mailed to said party by certified mail return receipt requested or sent by telefacsimile transmission with printed confirmation of transmission addressed as set forth below . . .
TO TRANSLOADER:

BULK RESOURCES, INC.
3108 Central Drive
Plant City, FL 33567.

[17] See docket 1-8 (emails).

[18] See docket 1-9 (demand letter).

7, 2016, counsel for Bulk Resources and Dedicated declined the tender of defense and indemnification.[19]

In early January 2017, Arkema brought this action against Bulk Resources for specific performance and for breach of the transloading agreement. Three of the seven counts seek specific performance regarding the duties to defend, hold harmless, and insure Arkema and add it as a named insured by endorsement. The remaining counts seek damages for breach of Bulk Resources' duty: (1) to perform services in a safe, professional and workmanlike manner; (2) to take reasonable precaution to minimize hazards while performing work, to notify employees of the hazards associated with handling the materials, and to provide employees and contractors with sufficient safety training; (3) to render services in compliance with OSHA; and (4) to acknowledge that it is solely responsible for and in control of operations concerning the railcars and trucks used for transport of materials. At the end of the complaint, Arkema "reserves its rights to bring any future actions, including those for contractual and common law indemnification."[20]

## DISCUSSION

---

[19] See docket 1-10 (emails).

[20] See docket 1, p. 20. None of the counts mention the words "indemnify" or "indemnification." Paragraph 9.2, under section 9 titled "Indemnification," uses the words "defend, indemnify and hold harmless."

Bulk Resources seeks to transfer this action to the Eastern District of Louisiana where Dedicated's employees' actions are pending. Neither party contests that venue is proper in the Middle District of Florida, but each disagrees about whether venue in the Middle District of Florida is convenient to the parties and witnesses pursuant to 28 U.S.C. § 1401(a).

**Applicable Law**

Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden rests with the movant to show that another forum is more convenient. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Great deference, however, is afforded the plaintiff's choice. SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1100 (11th Cir. 2004). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F. 2d 610, 616 (5th Cir. Unit B 1981)). A mere shifting of the inconvenience does not warrant a transfer. Eye Care Int'l Inc. v. Underhill, 119 F.Supp.2d 1313, 1319 (M.D. Fla. 2000) (denying transfer where "there is no clear difference in convenience of witnesses and parties.").

After the initial determination that this action could have been brought in Louisiana, various factors must be considered and balanced to justify transferring to a

more convenient forum. Kelling v. Hartford Life & Accident Ins. Co., 961 F.Supp.2d 1216, 1219 (M.D. Fla. 2013). The factors include: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F. 3d 1132, 1135 n.1 (11th Cir. 2005).

*Convenience of the Witnesses*

Bulk Resources argues that the majority of the witnesses are located in Louisiana, such as the plaintiffs in the Louisiana actions, the terminal manager of the facility, officers and detectives of the New Orleans police department, various emergency medical personnel, and the area director of OSHA. Bulk Resources claims that these witnesses with knowledge of the incident giving rise to the Louisiana lawsuits will be the same witnesses necessary to determine which party owes a duty to defend, indemnify or hold harmless the other party. Arkema's own negligence, it contends, will be central to whether Arkema owes a duty to Bulk Resources or Bulk Resources owes a duty to Arkema.

Arkema counters that this action will require witnesses different from those in the death and personal injury actions pending in Louisiana. To prove the breach of contract claim, Arkema will rely on its employee responsible for the management and implementation of the transloading agreement, its employee in charge of daily managing the agreement, its representative who demanded performance of the contract, Bulk Resources' employee responsible for operations, and the employee who executed and administered the agreement on behalf of Bulk Resources.[21] Arkema will not use these witnesses to prove the events surrounding the incident of October 2015, which is the subject matter of the Louisiana actions.

The determination of the duty to defend arises solely from the allegations of the Louisiana complaints, Arkema argues, and therefore no witnesses will be necessary. Under Florida law, the duty to defend is generally established by the allegations of the underlying complaint. See Meridian Constr. & Dev., LLC v. Admiral Ins. Co., 105 F.Supp.3d 1331, 1338 (M.D. Fla. 2013) (citing WellCare of Fla., Inc. v. American Int'l Specialty Lines Ins. Co., 16 So3d 904, 906 (Fla.Dist.Ct. App. 2009), but noting exceptions may exist). Arkema states that Pennsylvania law applies "as will be addressed at a later stage of this action."[22] It cites Mace v. Atlantic Refining & Marketing Corp., 785 A.2d 491, 496-97 (Pa. 2001), as support for the duty to defend arising from the

---

[21] Arkema's witnesses are located in North Carolina and Pennsylvania. Bulk Resources' witnesses are located in Plant City, Florida.

[22] See docket 17, p. 10, n. 29.

allegations of the underlying complaints. In Mace, the agreement obligated the lessee of a convenience store to defend the owner for personal injury claims unless the injuries were caused by the negligence of the owner. The lower court in Mace had already granted summary judgment for the owner finding no negligence, and therefore the lessee should have provided the owner's defense. Unlike in Mace, the issue of liability has not yet been determined in the Louisiana cases. Mace holds that the language of the agreement determines the duty to defend, but Mace does not address gleaning that duty from the allegations of the complaint.[23]

For purposes of this motion to transfer, the parties have not briefed whether Florida or Pennsylvania law governs the transloading agreement. The transloading agreement provides that it "shall be construed and interpreted according to the laws of the Commonwealth of thereof."[24] The agreement does not read the "Commonwealth of *Pennsylvania* thereof." (Emphasis added). The Court will therefore apply the clear Florida law regarding the duty to defend and conclude that any potential witnesses to establish the duty to defend would conceivably include only those necessary to explain any ambiguous terms of the transloading agreement should it be so determined. A clear and unambiguous contract needs no witnesses to prove the intent of the parties.

---

[23] The clear language of the agreement will be used to determine whether an exclusion applies to relieve Bulk Resources of a duty to defend Arkema for Arkema's own negligence.

[24] See docket 1-1, para. 11.4.

Apart from the duty to defend, Arkema vehemently argues that it is not seeking specific performance of the duty to indemnify, but only the duty to hold harmless. Arkema contends that the duty to hold harmless is broader than the duty to indemnify and cites a Pennsylvania case. See Mace, 785 A.2d at 496-97. Mace, however, does not discuss a distinction between the two terms. As conceded by Arkema, any attempt at this point for a decision on the duty to indemnify is premature because the facts of the underlying claim have not yet been resolved in Louisiana. See Max. Specialty Ins. Co. v. A Clear Title and Escrow Exchange, LLC, 2013 WL 5770356, at *3 n. 22 (M.D. Fla. Aug. 2, 2013) (listing cases from the Middle District of Florida holding duty to indemnify is premature until facts of underlying case have been decided). Thus, any witnesses necessary to prove indemnification will not be needed until the conclusion of the Louisiana actions.

The Court finds that the convenience of the witnesses pertinent to the contract claims weighs against transfer. None reside in Louisiana, and, in fact, Bulk Resources' witnesses work or reside in the Middle District of Florida, North Carolina, or Pennsylvania.[25]

---

[25] In any event, the "possible inability to attend a trial . . . is not enough to overcome the Plaintiff's choice of forum for purposes of 28 U.S.C. § 1404(a)." First Credit Card v. Global Elec. Tech., Inc., No. 6:08-cv-1974-Orl-31GJK, 2009 WL 482242, at *2 (M.D. Fla. Feb. 22, 2009) (noting that videotaped depositions enable preservation of testimony).

*Convenience of the Parties*

Bulk Resources is located in the Middle District; yet, it seeks transfer to Louisiana. Some of its employees living here will be witnesses in this action. The agreement itself explicitly provides that it is located in Plant City and that notice be given in Plant City. Invoices are issued from Plant City and the contract is administered from Plant City. Common sense dictates that it is more convenient for Bulk Resources to be sued in the venue where its offices are located and where events relating to the contract occurred. That Bulk Resources may be brought into the Louisiana actions is not persuasive in changing Arkema's willingness and choice to resolve the contract issues in the jurisdiction where the execution and administration of the contract occurred. Shifting inconvenience from one party to another does not warrant transfer. Underhill, 119 F.Supp.2d at 1319. The Court finds that a transfer would simply shift any inconvenience and therefore this factor does not weigh in favor of transfer.

*Location of Relevant Documents and Access to Sources of Proof*

Modern technology reduces the significance of this factor by minimizing the burden of document production. Coastal Caisson, Corp. v. Skanska USA Civil Se., Inc., No. 8:12-cv-2310-T-26TGW, 2012 WL 12904226, at *3 (M.D. Fla. Sept. 27, 2012) (citing Trinity Christian v. New Frontier, 761 F. Supp.2d 1322, 1327 (M.D. Fla. 2010)). Courts generally find that this factor does not favor transfer. See National Trust Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co., No. 3:16-cv-695-J-34PDB, 2016 WL 7197397,

at *5 (M.D. Fla. Dec. 9, 2016) (noting that "the location of relevant documents and other tangible sources is no longer a heavily weighted factor in this analysis given that technological advances now permit electronic transmittal of documents."). Given the documents and communications relevant to this contract action should be located in Plant City because it is where Bulk Resources is headquartered, where the contract was executed, where the signatory is located, where the invoices were issued, and where the contract is sought to be specifically performed, this factor does not favor transfer.

*Locus of Operative Facts*

To determine the location of operative facts, the court looks to the place where the actions giving rise to the claim for relief occurred. See Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC, 294 F. Supp.2d 218, 220 (D. Conn. 2003) (citation omitted). This action seeks the specific performance of the duty to defend, hold harmless, and insure Arkema. The contract was made in Florida, and the demands were rejected in Florida. In somewhat analogous situations where declaratory relief actions are used to resolve insurance coverage issues including the duties to defend and indemnify, courts have found that the locus of facts is the place where the contract was made, where the policy was issued, or where the insurer denied coverage. National Trust, 2016 WL 7197397, at *6; Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa., 842 F. Supp.2d 1360, 1367 (N.D. Ga. 2012). This factor does not weigh in favor of transfer.

*Availability of Process to Compel Attendance of Unwilling Witnesses*

Bulk Resources specifically complains that the plaintiffs in the Louisiana actions may not be compelled to appear in this District. Those specific witnesses, however, will not be useful in the development of whether Bulk Resources had a duty to defend, hold harmless or insure Arkema. Absent any other named witnesses and given the ability to present testimony through deposition, this factor does not support transfer.

*Relative Means of Parties*

Arkema is "indirectly" owned by a French company with a presence in over thirty countries. Bulk Resources is a privately held corporation located in the United States. Arkema sued Bulk Resources in the venue where it is located. This factor does not weigh in favor of transfer.

*Forum's Familiarity with Governing Law*

The parties agree that this factor neither favors nor disfavors transfer. This Court is competent to apply foreign law if need be. Coastal Caisson, 2012 WL 12904226, at *4 (citing Sterling v. Provident Life & Accident Ins. Co., 519 F.Supp.2d 1195, 1208 (M.D. Fla. 2007), in which the court refused to transfer from Florida to Connecticut where Connecticut law applied).

*Plaintiff's Choice of Forum*

To obtain transfer, the movant must show that the plaintiff's choice of forum is clearly outweighed by other considerations. Robinson, 74 F.2d at 260. Ironically, Arkema chose the most convenient forum for Bulk Resources. Bulk Resources is

headquartered in Plant City, the contract was executed there, the signatory is located there, the invoices were issued there, and the contract sought to be specifically performed was made there, and the obligations under the contract are owed there. This factor disfavors transfer.

*Interests of Justice and Trial Efficiency*

Bulk Resources, not Arkema, argues that Arkema will be forced to litigate in two different states regarding the same underlying facts. It also suggests the risk of inconsistent outcomes in the different forums. Bulk Resources relies heavily on a case from this District: Central Money Mortg. Co. v. Holman, 122 F.Supp.2d 1345 (M.D. Fla. 2000). In Holman, the court found that the pending action in Maryland involved the same central issue, the same parties, and the same witnesses as the one pending in the Middle District. The factual scenario in Holman, however, is distinguishable from this action. There, the claims appear to involve a breach of contract for an asset purchase and a breach of an employment agreement that was consideration for the asset purchase. The claims had nothing to do with determining a duty to defend or indemnify, and did not involve an underlying claim based on personal injury.

The Court finds the interests of justice based on the totality of the circumstances do not warrant transfer. The personal injury actions pending in Louisiana address the liability and damages caused by the failure to provide safety precautions and protocol for

working with tank cars containing hazardous vapors. The contract action here turns on whether Bulk Resources owes a duty to defend, hold harmless and insure.

It is therefore **ORDERED AND ADJUDGED** that Bulk Resources, Inc.'s Motion to Transfer (Dkt. 15) is **DENIED**. Defendant shall file a response to the Complaint within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on March 6, 2017.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record